IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00124-CV

 

T.C. & C. Real Estate Holdings, Inc.,

                                                                      Appellant

 v.

 

Danny R. Sherrod and Wife, 

Wendy Sherrod,

                                                                      Appellees

 

 



From the 77th District Court

Limestone County, Texas

Trial Court No. 27,034-A

 



MEMORANDUM  Opinion










 

          TC & C Real Estate Holdings, Inc.
brings this appeal from the trial court’s action granting summary judgment in
favor of Danny and Wendy Sherrod.  Because TC & C has only a right of first
refusal and nothing has happened to trigger that right, the trial court did not
err in granting the Sherrods’ motion for summary judgment.  We affirm the trial
court’s judgment.

Background

          TC & C has been trying to buy the
Sherrods’ property for over ten years.  It previously sued the Sherrods
concerning the property and did not prevail.  While the suit was pending, TC
& C filed a lis pendens on the property.  To lift the lis pendens, the
Sherrods agreed to give TC & C a right of first refusal.  On appeal, we
held that TC & C was not entitled to specific performance on the right of
first refusal when it repeatedly made an offer to the Sherrods.  See TC&C
Real Estate Holding, Inc. v. Sherrod, No. 10-02-00002-CV (Tex. App.—Waco Aug. 22, 2001) (not designated for publication).  In 2003, TC & C sued the
Sherrods for specific performance when they would not sell the property after
having received and rejected an unsolicited offer to purchase the property from
a third party, Rebecca Mooring.

Right of First Refusal

          In two issues, TC & C asserts that
the trial court erred in granting the Sherrods’ motion for summary judgment and
erred in denying its motion for summary judgment because the Sherrods granted
TC & C a right to purchase their property and that right vested when an
offer to purchase the property by a third party was communicated to the
Sherrods.  

          TC & C argues that the Sherrods
granted it a right to purchase which it contends is an option that this Court
recognized as binding and enforceable.  TC & C characterizes the Sherrods’
summary judgment argument that they have to take some action to activate the
right to purchase as a collateral attack on this Court’s prior opinion because,
as TC & C argues, we held that the only condition precedent is that a third
party offer be communicated to the Sherrods.  It also asserts that this Court
solved the issue when we found the agreement to be enforceable and subject to
performance after an offer to purchase was made.  TC & C further discounts
the Sherrods summary judgment argument that the agreement was a right of first refusal
because TC & C contends we described the agreement as an enforceable
stipulation.  Therefore, its argument continues, the agreement is an
enforceable right, an option, based on our prior description and based on what
counsel for the Sherrods said at the motion to lift the lis pendens—it does not
matter if the Sherrods now do not want to sell.

          TC & C is correct that we agreed
in our prior opinion that the statements made at the motion to lift the lis
pendens “constitute[d] a stipulation that is enforceable under Texas Rule of
Civil Procedure 11.”  TC&C Real Estate Holding, Inc. v. Sherrod, No.
10-02-00002-CV, slip op. at 3 (Tex. App.—Waco Aug. 22, 2001) (not designated
for publication).  But we also said, “The intent of the parties with regard to
the trial stipulation is determined from the surrounding circumstances, the
pleadings, and the allegations contained therein. (citation omitted).”  Id., slip op. at 4.  And after reviewing the record in light of the plain language
of the agreement and the court’s order lifting the lis pendens, we found “that
the agreement between the parties granted TC & C a right of first
refusal.”  Id.  (Emphasis added.).  

          A right of first refusal, also called
a preferential right or a preemptive right, is a right granted to a party
giving them the first opportunity to purchase property if an owner
decides to sell it.  Abraham Inv. Co. v. Payne Ranch, 968 S.W.2d 518,
524 (Tex. App.—Amarillo 1998, pet. denied) (emphasis added).  The holder of
such a right has no right to compel a sale but only has the right to be offered
the property if and when the owner decides to sell.  Id. at 525.  The
holder of the first right of refusal cannot compel a recalcitrant owner to
convey the property.  West Texas Transmission, L.P. v. Enron Corp.,
907 F.2d 1554, 1562 (5th Cir. 1990)

          We review the trial court's summary
judgment de novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d
656, 661 (Tex. 2005).  When reviewing a summary judgment, we take as true all
evidence favorable to the nonmovant, and we indulge every reasonable inference
and resolve any doubts in the nonmovant's favor.  Id.

          Based on the summary judgment
evidence, the Sherrods have not decided to sell their property.  They did not
seek out a buyer, and they did not accept the offer made by the third party,
Rebecca Mooring.  Although we said in our prior opinion that an offer by
someone other than TC & C was a condition precedent, we did
not say that it was the only condition precedent.  The issue at
the time was whether repeated offers by TC & C triggered the right to
purchase.  We held it did not.  We continue to hold that the agreement made at
the motion to lift the lis pendens was a right of first refusal.  Nothing has
happened that would vest or ripen the right for TC & C.  

Conclusion

          Therefore, we hold the trial court did
not err in granting the Sherrods’ motion for summary judgment, and for the same
reasons, did not err in denying TC & C’s motion for summary judgment.  TC
& C’s issues are overruled, and the trial court’s judgment is affirmed.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Affirmed

Opinion
delivered and filed March 21, 2007

[CV06]






12;Houston [14th Dist.] 1991, pet. ref'd). In this case the prosecutor
argued, "You know, if a child comes in here and testifies and gets the details perfect, if [the two
sisters'] testimony had been mirror images of each other, what would [defense counsel] be
saying?" Following an overruled objection by defendant, the prosecutor continued, ". . . he would
be saying they made it up . . . ." This argument did not strike at Villarreal over the shoulders of
counsel. There was no attack on the integrity of defense counsel, only preemptive speculation on
what argument he might have made had the testimony of the witnesses been wholly without
contradiction. These comments were not calculated to harm Villarreal by attacking the personal
integrity of his attorney. Thus, the argument was proper as a response to defense counsel's
argument that contradictions in the details recited by the two sisters destroyed the credibility of
their testimony. As a result, no error occurred when the trial court overruled the objection. Point
of error four is overruled. 
      We affirm the judgment of conviction, but reverse the judgment on punishment and remand
the cause for new trial on punishment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed in part and reversed and remanded in part
(Chief Justice Thomas dissenting)
Opinion delivered and filed August 4, 1993
Publish